IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLTON COOPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-40-SLP |
| ) | |
| DAVID ROGERS, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Petitioner, a state prisoner appearing pro se, filed an Amended Petition for a Writ of Habeus Corpus [Doc. No. 6], pursuant to 28 U.S.C. § 2254. Respondent filed a Pre-Answer Notice of Motion to Dismiss Petition for Writ of Habeas Corpus and Brief in Support [Doc. Nos. 12, 13], to which Petitioner responded [Doc. No. 16]. On October 31, 2025, United States Magistrate Judge Amanda Maxfield entered a Report and Recommendation (R&R) recommending the Court grant Respondent's Motion and dismiss with prejudice the Petition as it is time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). R&R [Doc. No. 17] at 1.

Petitioner was advised that he could object to the R&R on or before November 21, 2025, and that failure to timely object could result in the waiver of his right to appellate review of the factual and legal issues raised. Petitioner filed an Objection [Doc. No. 20] to the R&R. Thus, the Court must make a de novo determination of the portions of the R&R to which a specific objection has been made, and may accept, reject, or modify the

recommended decision, in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Although labeled as an "Objection," Petitioner's filing consists of one substantive sentence which explains that following Respondent filing a motion to dismiss, "Petitioner has in subsequent filings quoted case law and listed the dates of the state level filings used to exhaust state level remedies proving he has to the best of his abilities followed the rules of the Court." Obj. [Doc. No. 20].  The Court construes this sentence to refer to Petitioner's response and objection to the motion to dismiss.  Resp. [Doc. No. 16].  This filing was considered by the Magistrate Judge in preparing the R&R.  *See* R&R [Doc. No. 17] at 1. Ultimately, the R&R concluded Petitioner's action is time-barred because he filed his habeas petition after the one-year statute of limitations.  R&R [Doc. No. 17] at 4-5.

Petitioner does not challenge the R&R's conclusions or make any specific objections about the Magistrate Judge's reasoning or holdings.  *See Hooper v. Stitt*, No. CIV-22-988-D, 2023 WL 2432038, at *1 (W.D. Okla. Mar. 9, 2023) ("In his objection, Plaintiff generally ignores Judge Erwin's analysis and repeats, verbatim, many of the arguments previously presented in his complaint. . . . Plaintiff's failure to identify any specific error in Judge Erwin's analysis prevents further review."), *aff'd*, No. 23-6049, 2023 WL 5923920 (10th Cir. Sept. 12, 2023); *Mathews v. Elhabte*, No. 22-6031, 2022 WL 3592550, at *2 (10th Cir. Aug. 23, 2022) (objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute"); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (Any "objection[]

to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court.").

Because Petitioner does not specifically challenge any aspect of the R&R, the Court finds he has waived any objection to the R&R, and this action is subject to dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Nevertheless, upon review, the Court fully concurs with the analysis set forth in the R&R.

IT IS THEREFORE ORDERED that the R&R [Doc. No. 17] is ADOPTED in its entirety. Respondent's Motion to Dismiss [Doc. No. 12] is GRANTED and Petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 6] is DISMISSED WITH PREJUDICE as untimely.[1] A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its

---

[1] *See Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying COA and dismissing appeal of § 2254 habeas petition dismissed with prejudice as untimely under § 2244(d)); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) ("Dismissal of a [§ 2254 habeas] petition as time barred operates as a dismissal with prejudice[.]").

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determination. The Court therefore denies a COA.

    IT IS SO ORDERED this 2nd day of January, 2026.

                                                  SCOTT L. PALK
                                                  **UNITED STATES DISTRICT JUDGE**